UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MUSA IKHARO,
    Plaintiff,

vs.

KAHRYN PATRICIA RUSSELL,
    Defendant.

Case No. 1:19-cv-255

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate formerly detained at the Butler County Jail in Hamilton, Ohio,[1] brings this action under 42 U.S.C. § 1983 against defendant Kathryn Patricia Russell, plaintiff's attorney in his immigration proceedings. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

---

[1] Plaintiff is no longer listed on the inmate roster at the Butler County Jail. In several of his other cases, he submitted a notice of change of address providing an alternate address in Westerville, Ohio. *See, e.g., Ikharo v. Shanks,* No. 1:19-cv-256 (Black, J.; Bowman, M.J.) (S.D. Ohio Apr. 10, 2019) (Doc. 6).

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this complaint in connection with his immigration proceedings. Plaintiff was removed from the United States to Nigeria on October 26, 2010 based on Ohio criminal convictions. (Doc. 1 at PageID 4–5). On February 16, 2018, after the United States Supreme Court vacated his removal order and his case was remanded back to the Immigration Court to consider plaintiff's eligibility for a waiver of inadmissibility under INA § 212(c), plaintiff was returned to the United States. (*Id.* at PageID 5). According to plaintiff, he was improperly returned as a parolee under 8 U.S.C. § 1182(d)(5)(A), treated as an "arriving alien," and detained during his remanded removal proceedings. Plaintiff claims that by virtue of being paroled under § 1182, he was ineligible for relief under INA § 212(c).[2]

---

[2] Specifically, plaintiff argues that because a parolee under § 1182 is not deemed "admitted" into the United States, he was unable to satisfy INA § 212(c)'s requirement that he be lawfully present in the United States. As discussed below, it appears plaintiff has raised an ineffective assistance of counsel claim in the Sixth Circuit Court of Appeals. In denying plaintiff's motion to stay his removal, the Sixth Circuit addressed plaintiff's argument as follows: "Ikharo also asserts that his prior counsel was ineffective for having him paroled into the United States upon his return, rather than relying on his status as a permanent resident. But the Immigration Judge and the Board did not rely on his status as a parolee to deny him relief, meaning that this issue had no effect on his application for a waiver

3

Plaintiff claims that he hired defendant attorney Russell, who he claims "filed papers to finally return him back on 2/16/2018 to continue the case." (*Id.*). However, he claims that she provided ineffective assistance of counsel in failing "to raise the parole error which clearly bear on LACK OF JURISDICTION OR AUTHORITY of the immigration judge, and the BIA affirmation." (*Id.*). Plaintiff claims that the Immigration Court's May 18, 2018 decision denying plaintiff's application for a waiver of inadmissibility and ordering him removed to Nigeria "is VOID, corrupt and a nullity." (*Id.* at PageID 9). Plaintiff asserts that "the only permissible or lawful solution to resolve this current statutory d[ile]ma, is for DHS/USICE to simply send plaintiff to overseas and provide lawful means to allow him to lawfully return to United States." (*Id.*).

For relief, plaintiff seeks monetary damages. (*Id.* at PageID 1).

Plaintiff's complaint is subject to dismissal at the screening stage. As an initial matter, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Furthermore, to the extent that plaintiff seeks to challenge his final order of removal, his sole remedy is to file a petition for review with the Sixth Circuit Court of Appeals.[3] *See Tota-Maharaj v. Holder*, 416 F. App'x 558, 559 (6th Cir. Mar. 25 2011) ("Congress provides this court with exclusive jurisdiction to review a final order of removal."); *Krninova v. Holder*, No. 2:09-cv-577, 2010 WL 1253972, at

---

of inadmissibility." *Ikharo v. Barr*, No. 18-4153 (6th Cir. Mar. 22, 2019) (Doc. 28).

[3] 8 U.S.C. § 1252(a)(5) states that "a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." Section 1252(b)(9) further states "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

4

*1 (S.D. Ohio Mar. 23, 2010) ("jurisdiction to consider any order of removal is vested exclusively in the appropriate court of appeals"). *See also Badereddine v. Chertoff*, No. 06-1482, 2006 WL 932348, at *2 (D.N.J. Apr. 10, 2006) (finding that the district court did not have jurisdiction to consider a claim of ineffective assistance of counsel which allegedly constituted a denial of the petitioner's due process rights with respect to his removal proceedings because it was a collateral attack on the removal order). The undersigned notes that petitioner has already filed multiple habeas corpus actions in this Court challenging his detention, as well as a petition for review in the Sixth Circuit in which he raises his claim of ineffective assistance of counsel and challenges the final removal order issued by the Immigration Court.[4] Accordingly, plaintiff's claims challenging the removal proceedings in this civil rights action should be dismissed.

Plaintiff has otherwise failed to state a claim upon which relief may be granted.

First, plaintiff has failed to state a claim against defendant under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). As a private attorney, defendant Russell is not considered to be a state

---

[4] Plaintiff has filed four habeas petitions in this Court challenging his current detention. *See Ikharo v. Barr*, No. 1:19-cv-270 (S.D. Ohio Apr. 14, 2019); *Ikharo v. Attorney General of U.S.*, No. 1:19-cv-175 (S.D. Ohio Mar. 5, 2019); *Ikharo v. Attorney General*, No. 1:19-cv-227 (S.D. Ohio Feb. 25, 2019); *Ikharo v. United States Attorney General*, No. 1:18-cv-385 (S.D. Ohio June 4, 2018).

Plaintiff also has two appeals currently pending in the Sixth Circuit Court of Appeals from the Board of Immigration Appeals. *See Ikharo v. Barr*, No. 19-3367 (6th Cir. Apr. 3, 2019); *Ikharo v. Barr*, No. 18-4153 (6th Cir. Nov. 11, 2018).

actor for purposes of § 1983. *Cudejko v. Goldstein,* 22 F. App'x 484, (6th Cir. Oct. 26, 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983."). "[To] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price,* 383 U.S. 787, 794 (1966)). However, absent any allegation suggesting the existence of a conspiracy or joint action with state agents, no § 1983 liability can attach to defendant. Therefore, the complaint fails to state a claim for relief under § 1983.[5]

Second, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College,* 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.,* 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, there is no complete diversity of citizenship because plaintiff and defendant are Ohio citizens. (*See* Doc. 1 at PageID 2). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over a malpractice claim or any other state law claims plaintiff may be alleging.

---

[5] The undersigned's opinion is not altered by plaintiff's allegation that "Defendant's associate collaborated with the government." (Doc. 1 at PageID 12). *See Moore v. Best, Heyns and Klaeren,* No. 96-1672, 1997 WL 124100, at *1 (6th Cir. Mr. 18, 1997) (noting that bare allegations of conspiracy on the part of a defense attorney "are mere conclusions which need not be accepted as true.").

6

Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/20/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MUSA IKHARO,
    Plaintiff,

vs.

KAHRYN PATRICIA RUSSELL,
    Defendant.

Case No. 1:19-cv-255

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).