# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| MUSA IKHARO, | : | Case No. 1:19-cv-255 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| KATHRYN PATRICIA RUSSELL, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 12)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on May 20, 2019, submitted a Report and Recommendations.  (Doc. 12).  Plaintiff Musa Ikharo filed objections to the Report and Recommendations.  (Doc. 14).[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Report and Recommendations should be and is hereby adopted in its entirety.

---

[1] Ikharo's objections were filed one day late; however, Ikharo filed a motion for extension of time with his objections.  (Doc. 13).  For good cause shown, that motion (Doc. 13) is **GRANTED**.  The Court will consider Ikharo's objections for the purposes of this Decision & Entry.

Ikharo's objections are not well-taken. [2]  As an initial matter, most of the statements made in Ikharo's "objections" are merely re-assertions of the same legal arguments previously presented to the Court and are not specific to the Magistrate Judge's Report and Recommendations.  Accordingly, these are improper objections and not well-taken.  *See, e.g., Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[ ] to several of the issues in the case.'")

The Court, however, will discuss Ikharo's specific objections.[3]

Ikharo first argues that the Magistrate Judge erred when recommending that his complaint should be dismissed because he failed to state a claim for relief under

---

[2] Ikharo asserts many of the same legal arguments in his objections that he presented in other petitions before this Court and appeals to the Sixth Circuit.  And, since the Magistrate Judge submitted the Report and Recommendations, these arguments have been considered – and rejected – by this Court and the Sixth Circuit.  *See, e.g.*, *Ikharo v. Att'y Gen. of United States*, No. 20-3250, 2020 WL 5126630 (6th Cir. Aug. 13, 2020); *Ikharo v. Barr*, No. 18-4153, 2020 WL 10147140 (6th Cir. July 21, 2020); *Ikharo v. Shanks*, No. 1:19-cv-256, 2020 WL 3490376 (S.D. Ohio Feb. 21, 2020), *report and recommendation adopted*, No. 1:19-cv-256, 2020 WL 3488925 (S.D. Ohio June 26, 2020);  *Ikharo v. Att'y Gen. of United States*, No. 1:19-cv-175, 2020 WL 59662, at *1 (S.D. Ohio Jan. 6, 2020), *report and recommendation adopted*, 2020 WL 470272 (S.D. Ohio Jan. 29, 2020), *certificate of appealability denied*, 2020 WL 2085602 (S.D. Ohio Apr. 30, 2020), *and aff'd*, No. 20-3250, 2020 WL 5126630 (6th Cir. Aug. 13, 2020).

[3] In Ikharo's other cases, he challenges his custody and decisions made by the immigration court. *See* n.2, *supra*.  This case appears to be his one claim against a private citizen, which claim could be liberally construed as a malpractice claim.  Thus, the Court finds it helpful to discuss Ikharo's specific objections in this case.

42 U.S.C. § 1983.  (Doc. 14 at 4–6).  Ikharo contends that he did not bring his action under § 1983, but he brought a civil action arising under the laws of the United States because his claims against Russell relate to questions of federal immigration law.  (*Id*.)

The Court disagrees.  Ikharo explicitly cites § 1983 in his complaint as a basis for this Court's jurisdiction.  (Doc. 1 at 2).  Ikharo's complaint alleges a civil action for deprivation of his Fifth and Fourteenth Amendment rights against Russell.  (Doc. 1).  And, as the Magistrate Judge correctly recognized, Ikharo cannot assert a constitutional violation against Russell because she is a private citizen.  *Turner v. Thurau*, No. 20-CV-12010, 2021 WL 3132734, at *11, n.7 (E.D. Mich. May 24, 2021), *report and recommendation adopted*, No. 220CV12010TGBDRG, 2021 WL 3128867 (E.D. Mich. July 23, 2021) ("Private citizens are generally not subject to liability with respect to claims alleging constitutional violation.").  This objection is not well-taken.

Ikharo next argues that the Magistrate Judge erred when recommending that the Court could also not also exercise diversity jurisdiction because Ikharo and Russell are both citizens of Ohio.  (Doc. 14 at 2–4).  Ikharo contends that he cannot be considered an Ohio citizen for purposes of diversity because of his "parole status."  The Court also finds this objection not-well taken.

As initial matter, it is unnecessary to discuss diversity jurisdiction because Ikharo's complaint and his objections are clear that he seeks to invoke this Court's federal question jurisdiction.  However, to the extent Ikharo is asserting a malpractice claim against Russell, such a claim is not a federal question and diversity jurisdiction would be necessary.

Pursuant to 28 U.S.C. § 1332(a)(2), the district court cannot exercise diversity jurisdiction over a claim between a citizen of a state and a "subject[] of a foreign state who [is] lawfully admitted for permanent residence in the United States and [is] domiciled in the same State." "To acquire a domicile within a particular state, a person must be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Kendall v. DeLong*, No. 20-5573, 2020 WL 9813548, at *2 (6th Cir. Dec. 1, 2020) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)) (emphasis in original).

Ikharo states in his complaint that he is a permanent resident and that his permanent address (his domicile) is in Ohio. And, at the time Ikharo filed his complaint on March 22, 2019, he was still in the country challenging his removal decision. *See Shanks*, 2020 WL 3490376 at *3 (discussing timeline of Ikharo's immigration challenges and removal). Thus, at the time Ikharo filed his complaint, Ohio was Ikharo's domicile for purposes of diversity jurisdiction. Russell is an Ohio citizen, and the Magistrate Judge did not err when concluding that, at the time the complaint was filed, diversity jurisdiction was lacking.

However, even if there were jurisdiction and to the extent Ikharo is bringing a stand-alone, legal malpractice claim, Ikharo fails to state such a claim. To establish a legal malpractice claim under Ohio law, a "plaintiff must satisfy all essential elements of the claim: (1) an attorney-client relationship such that the attorney owed a duty to the plaintiff; (2) breach of the attorney's duty by not conforming to the standard required by law; and (3) a causal connection between the conduct complained of and resulting

4

damage or loss." *Cap. City Energy Grp., Inc. v. Kelley Drye & Warren, LLP*, 975 F. Supp. 2d 842, 851 (S.D. Ohio 2013).

Ikharo's complaint contends that Russell failed to raise certain arguments during his immigration proceedings, arguments he has already presented to the Sixth Circuit. *See Barr*, 2020 WL 10147140 at *3. And, as the Sixth Circuit has already explained, "[b]ecause Ikharo's underlying claim regarding his parole designation is meritless…counsel's failure to raise this claim did not result in a different outcome," *i.e.,* there is no causal connection. *Id*.

Ikharo last contends that the Magistrate Judge "biasedly ignored the fact" that Russell has not yet responded to Ikharo's allegations. This is simply incorrect. As the Magistrate Judge explicitly detailed, when a complaint is filed *in forma pauperis*, the Court is authorized by Congress to conduct a *sua sponte* review of the complaint before the litigation moves forward. (Doc. 12 at 1–2). This review occurs <u>before</u> the defendant is served with the complaint and required to answer.

Accordingly, for the reasons stated above:

1.    The Report and Recommendation (Doc. 12), as expanded upon herein, is **ADOPTED**;

2.    Plaintiff's motion for extension of time (Doc. 13) is **GRANTED**;

3.    Plaintiff's objections (Doc. 14) are **OVERRULED**;

4.    The complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(b);

5.    The Court **CERTIFIES** that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith, and therefore DENIES plaintiff leave to appeal *in forma pauperis*; and

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:    8/18/2021                                 *s/Timothy S. Black*       
                                                                Timothy S. Black
                                                                United States District Judge